IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO MARQUEZ,<br><br>        Plaintiff(s),<br><br>  v.<br><br>R. BINKELE, Captain, et al.,<br><br>        Defendant(s). | No. C 09-3171 CRB (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a prisoner at California State Prison, Los Angeles, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that, while he was at Salinas Valley State Prison ("SVSP"), prison officials falsely charged and found him guilty of a grooming violation which resulted in the loss of privileges for 30 days. The violation was eventually dismissed by the associate warden/chief disciplinary officer, but plaintiff seeks damages for the loss of privileges he suffered for 30 days.

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Allegations by a prisoner related to prison disciplinary proceedings do not present a constitutionally cognizable due process claim unless the deprivation suffered was one of real substance, which generally is limited to freedom from restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v Conner, 515 US 472, 484 (1995).  Plaintiff's loss of privileges such as yard time and canteen access for 30 days did not amount to atypical and significant hardship within the correctional system to implicate a due process violation.  See id. (placement in disciplinary segregation for 30 days, where conditions mirrored conditions imposed upon inmates in administrative segregation and protective custody, did not constitute atypical and significant hardship within the correctional context).

An exception to the rationale of Sandin may exist if a disciplinary violation is still in plaintiff's record and plaintiff is alleging that it is supported by "no evidence."  See Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (putting escape conviction supported by no evidence on prisoner's record

1  violates procedural due process rights even if plaintiff suffered no prison
2  disciplinary action). But that is not the case here. The disciplinary violation
3  issued to plaintiff in this case was dismissed by the associate warden/chief
4  disciplinary officer before plaintiff filed suit.

5        Plaintiff suggests that prison officials violated his equal protections rights
6  because no other prisoners received a similar grooming violation. Not so. In
7  order to present an equal protection claim based on difference in treatment
8  between prisoners, a prisoner must allege that his treatment was invidiously
9  dissimilar to that received by other prisoners. See More v. Farrier, 984 F.2d 269,
10 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal
11 courts should defer to judgment of prison officials). There is no indication of any
12 such invidious discrimination here.

### CONCLUSION

14       For the foregoing reasons, the complaint is dismissed under the authority
15 of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be
16 granted.

17       The clerk shall enter judgment in accordance with this order and close the
18 file.

19       SO ORDERED.
20 DATED: Feb. 25, 2010

                                              CHARLES R. BREYER
21                                               United States District Judge

28 G:\PRO-SE\CRB\CR.09\Marquez, B1.dismissal.wpd       3